**WACOCHE, Adm'x, v. MOSS, County Judge.**

No. 21056.   Opinion Filed June 3, 1930.

Wallace & Wallace, for petitioner.

Newton & Pinson, for respondent.

ANDREWS, J. This is an original proceeding in this court for a writ of mandamus to require the Honorable W. B. Moss, county judge in and for Wagoner county, Okla., to certify his disqualification as such judge in cause No. 2441 on the dockets of the county court of Wagoner county, Okla., and in cause No. 417 in the county court of Wagoner county, Coweta division.

Cause No. 2441 involves the administration of the estate of Benjamin Wacoche, deceased, and cause No. 417 involves the question of the competency of Ellen Wacoche.

An alternative writ of mandamus was issued by this court ordering and directing said judge to desist and refrain from hearing the petition for the adjudication of the incompetency of Ellen Wacoche, and to desist and refrain from making any orders relative to the administration of the estate of Benjamin Wacoche, deceased, until it could be determined by this court whether or not a permanent writ of mandamus should issue herein.

The response alleges that respondent is not interested in whether or not Ellen Wacoche be adjudged incompetent and is entirely free of any bias or prejudice for or against her, but that to insure her a trial upon the question of her competency to her entire satisfaction, the respondent voluntarily entered his disqualification as county judge upon the hearing of the petition to have the said Ellen Wacoche declared mentally incompetent.

That leaves for consideration only the question of whether or not the respondent is disqualified in the matter of the estate of Benjamin Wacoche, deceased.

It is urged by petitioner that because the county judge certified his disqualification in the Ellen Wacoche matter he thereby shows himself disqualified in the Benjamin Wacoche matter. We cannot so hold. The Ellen Wacoche matter involves Ellen Wacoche alone, and even though the county judge of Wagoner county felt that she is in fact incompetent (there is nothing in this record to indicate whether she is competent or incompetent), and that having that feeling he felt that he was disqualified to try the issues as to whether or not she was incompetent, that condition of mind would in no wise disqualify him to act as county judge in the administration of the estate of Benjamin Wacoche, deceased. The most that could be said with regard to that mental condition would be that it would have a tendency to make the county judge more careful in the examination of the proceedings in the estate of Benjamin Wacoche, deceased. That would probably be for the best interests of that estate. In an administration proceeding, the best interest of the estate is involved and not the best interest of the administratrix.

This record shows that Ellen Wacoche made application to the county court of Wagoner county for the appointment of herself as administratrix of the estate of her deceased husband, Benjamin Wacoche; that the county judge of Wagoner county made the order for her appointment without notice; that the county judge fixed the amount of the bond of the administratrix at $10,000; that the value of the personal property belonging to the estate was approximately $125,000; that before the issuance of the letters of administration the county judge increased the amount of the bond to $125,000; that the bond was duly made and approved in the amount of $125,000; and that the administratrix qualified and entered upon the duties of her office. As to those facts there is no question.

As one of the grounds for disqualification the petition alleges that the increase in the amount of the bond was an arbitrary action

on the part of the county judge resulting in an increased cost to the estate of $540.

Petitioner contends that, inasmuch as the bulk of the personal property was held by the Department of the Interior for the use and benefit of Benjamin Wacoche, a full-blood Creek Indian, the amount of personal property so held should not be considered by the county judge in fixing the amount of the bond of the administratrix. Analyzed, this contention amounts to this: That because the personal property belonging to the estate is partly held by the Department of the Interior, the statutes of Oklahoma should not be followed. The provision of our statutes for the making of a bond for the administrator of an estate is section 1160, C. O. S. 1921, which provides that the penalty of the bond "* * * must not be less than twice the value of the personal property and twice the probable value of the annual rents, profits, and issues of the real property belonging to the estate. * * *" We know of no reason why this court should refuse to follow the plain and unambiguous mandate of the Legislature. The county judge was in error in fixing the amount of the bond at $10,000, and he was authorized thereafter to increase the amount of the bond. We think the error on the part of the county judge was not remedied by the increase made, and that he should have fixed the amount of this bond at $250,000 as provided by the act of the Legislature. The fact that the making of bonds in conformity with the requirements of the Legislature involves additional expense to the estate is no reason why this court should nullify a valid act of the Legislature or refuse to follow it. There is no merit in the contention of the petitioner as to the action of the county judge in increasing the amount of this bond.

It is contended by the petitioner that the county judge acted arbitrarily and without jurisdiction or legal reason in directing the administratrix to release a mortgage made to Benjamin Wacoche, during his lifetime, and alleged by the maker to have been satisfied. The record shows that a hearing was had before the county court at which the petitioner and her attorney were present and at which the attorney for petitioner examined the witnesses, and that, after a full hearing, the county court made the order for the release of the mortgage. From that order an appeal was taken by the administratrix to the district court.

This court will not determine the merits of that controversy. The fact that the county judge was in error in making the order (we do not hold that he was in error, as that record is not before this court) does not at all indicate that he is disqualified to act as county judge in the settlement of that estate.

This court from time to time reviews cases tried by judges and sends them back for retrial because of errors made by the judges. The fact that a judge has made an error has never been held to disqualify him from further proceeding in the cause. There is no merit in the contention that the county judge is disqualified because he made an erroneous ruling on the law or an erroneous conclusion as to the facts in the matter presented to him.

The record shows nothing that would warrant this court in requiring the county judge of Wagoner county to certify his disqualification to act as county judge in the administration of the estate of Benjamin Wacoche, deceased. The application for the writ of mandamus is denied.

LESTER, V. C. J., and HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., and RILEY, J., absent.

Note.—See "Executors and Administrators," 23 C. J. §197, p. 1073, n. 74. "Judges," 33 C. J. §156, p. 1001, n. 79.